UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| LONGHAUL & YOUNG, | : | Hon. Joseph H. Rodriguez |
| Plaintiff, | : | Civil Action No. 16-4739 |
| v. | : | |
| VALKEN, INC., | : | OPINION |
| Defendant. | : | |

This matter is before the Court on Defendant's Motion to Dismiss pursuant to Fed. R. Civ. P. 12 (b)(6). The three-count Complaint asserts claims of breach of contract, unjust enrichment, and conversion. Plaintiff Longhaul & Young ("Longhaul") is a Chinese corporation which issued two purchase orders to Defendant for paintball supplies. Defendant Valken, Inc. ("Valken") is a New Jersey corporation. In short, Longhaul claims that Valken failed to pay the balance of the purchase orders, despite having accepted the goods. Plaintiff filed suit on August 1, 2016. Defendant moves to dismiss on the basis that the "Terms and Conditions" of the Purchase Orders provide that any claim or dispute relating to the Purchase orders be resolved by arbitration or litigation, at the sole discretion of Valken. That clause states:

> **Disputes and Applicable Law.** Seller and Valken expressly agree that . . . [a]ny claims or disputes relating to this PO or any contract arising there from shall be resolved by arbitration or litigation at the sole an(sic) exclusive option of VALKEN. Arbitration proceedings shall be held in Swedesboro, NJ pursuant to the rules of the American Arbitration Association.

Compl., Ex. B, ¶9.

Valken argues that because it opts for arbitration, the Court should dismiss the federal complaint and compel arbitration as provided for in the contract. Longhaul

argues that it is not bound by the arbitration provision because it was not part of the orginial agreement between the parties. According to Longhaul, a valid oral contract was formed: Valken and Longhaul agreed on the price, quantity, and date of shipment, Longhaul shipped the paintballs on time, and that although Valken received and accepted the paintballs, it never paid for them. Hoyt Yang, Longhauls' General Manager, and Vice President and Co-owner of Valken, Joe Colonese, began negotiations regarding two paintball shipments in August 2015. Yang Aff. ¶4. Yang avers that, after several months, the parties came to an oral agreement and Longhaul received two Purchase Orders from Valken on January 4, 2016. Id.; see also Compl., Exs. A1 & A2. Importantly, Longhaul contends the "Terms and Conditions" sheet was not attached to the Purchase Orders. See Compl., Ex. B.

According to Yang, Longhaul made two shipments after receiving the Purchase Orders, one of January 29, 2016 and one on February 2, 2016. Yang Aff. ¶4. It is alleged that Valken received the shipments on March 8, 2016 and March 10, 2016 respectively, but never made payment. Id. As a result, on April 21, 2016, Longhaul requested a terms and conditions sheet from Valken. Longhaul received Valken's "Terms and Conditions" sheet on April 23, 2016. Id.; Compl., Ex. B. Yang affirms that during his discussions, Conoses never mentioned any other Valken entities or subsidiaries. Id. Therefore, Longhaul argues that the "Terms and Conditions" sheet was not part of and did not become part of the contract and Longhaul is not bound by the arbitration provision.

"Because [a]rbitration is a matter of contract between the parties, a judicial mandate to arbitrate must be predicated upon the parties' consent." Guidotti v. Legal Helpers Debt Resolution, L.L.C., 716 F.3d 764, 771 (3d Cir. 2013) (quoting Par–Knit

Mills, Inc. v. Stockbridge Fabrics Co., Ltd., 636 F.2d 51, 54 (3d Cir. 1980) (internal quotations omitted)). "Before a party to a lawsuit can be ordered to arbitrate and thus be deprived of a day in court, there should be an express, unequivocal agreement to that effect." Par–Knit Mills, 636 F.2d at 54. The Third Circuit recently settled the debate regarding which standard of review to apply to motions to compel arbitration. When a party moves to compel arbitration, the Third Circuit directs courts to apply a two-tier standard of review. See Guidotti, 716 F.3d 764.

Where it is apparent on "the face of a complaint, and documents relied upon in the complaint," that a party's claim "[is] subject to an enforceable arbitration clause, a motion to compel arbitration should be considered under a Rule 12(b)(6) standard without discovery's delay." Guidotti, 716 F.3d 776 (quoting Somerset, 832 F. Supp. 2d at 482). However, where it is unclear if an agreement to arbitrate controls, "or if the plaintiff has responded to a motion to compel arbitration with additional facts sufficient to place the agreement to arbitrate in issue, then the parties should be entitled to discovery on the question of arbitrability before a court entertains further briefing on [the] question." Guidotti, 716 F.3d 776 (quoting Somerset, 832 F. Supp. 2d at 482) (internal quotations omitted). A court may, after limited discovery, entertain a renewed motion to compel arbitration under a summary judgment posture. Guidotti, 716 F.3d 776.

Here, Valken moves under Fed. R. Civ. P. 12 (b) (6). As set forth above, Longhauls' opposition and supporting documents call into question the validity of the arbitration agreement. As a result, the motion to dismiss is denied and the parties are entitled to discovery on the question of arbitrability. Guidotti, 716 F.3d 776

For the reasons stated above, the Motion to Amend is granted. An appropriate Order shall issue.

Dated: June 12, 2017

/s/ Joseph H. Rodriguez
Hon. Joseph H. Rodriguez,
UNITED STATES DISTRICT JUDGE